UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                  CASE NO. 8:10-CR-102-T-30TBM

LEONEL LAMADRID LEDESMA,

   Defendant.
_____/

## **ORDER**

This Cause is before the Court upon Defendant's vague *pro se* Motion to Dismiss (Dkt. 138) and Motion for Appointment of Counsel (Dkt. 139). Because Defendant seems to challenge the validity of the judgment and sentence in his criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255. The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). For challenges to the Court's jurisdiction, § 2255's remedy is not inadequate or ineffective as it specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it. *Williams v. United States*, 383 Fed. App'x 927 (11th Cir. 2010) (unpublished).

The Court cautions Defendant that such recharacterization will render subsequent § 2255 motions subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the instant motion will be subject to the one (1) year period of limitation.[2] Accordingly, Defendant should address the motion's untimeliness, falling as it will well beyond one (1) year from August 25, 2010, the date Defendant's judgment became final. Defendant should also be aware that if Defendant chooses to proceed with this motion as a § 2255 motion, subsequent § 2255 motions will be barred as successive under the successive petition bar applicable to post-conviction motions.[3] Defendant would need to obtain the permission of the Eleventh Circuit Court of Appeals before filing a successive § 2255 petition.

In his Motion to Dismiss, Defendant relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), which concerns Congress's ability under the "Offences Clause" of Article I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries. S*ee id.* at 1258. If that will remain the basis for his § 2255 motion, he should explain how *Bellaizac-Hurtado* applies when it appears factually distinguishable from his case. Defendant seems to argue he was not apprehended by the United States Coast Guard ("USCG") in international waters. But, Defendant admitted in his plea agreement's "Facts" section that the USCG apprehended him

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f).

[3] 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"approximately 115 miles off of the coast of San Andreas Island, Colombia, in international waters[,]" (Dkt. 25, Plea Agreement, 15), placing Defendant in international waters, well beyond any territorial sea. *See U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts).

The Court advises Defendant that, in addition to addressing the foregoing issues, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Finally, the Court denies Defendant's Motion for Appointment of Counsel (Dkt. 139). Defendant is not entitled to counsel as a matter of right, and the Court sees no reason to appoint him one at this time.[4]

Accordingly, the Court **ORDERS** that on or before **May 9, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion to Dismiss (Dkt. 138);

---

[4] "The Supreme Court has never established a constitutional right to counsel for prisoners mounting collateral attacks upon their convictions." *Golston v. Att'y Gen. of State of Ala.*, 947 F.2d 908, 911 (11th Cir. 1991) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). *See also Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) ("[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding."). While a defendant may request appointment of counsel in a § 2255 proceeding, that appointment is within a court's discretion. *See* 18 U.S.C. § 3006A(a)(2)(B). Under such circumstances, counsel shall be appointed upon request of a financially indigent defendant if a court determines that "the interests of justice so require." *Id.*

2. Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. Withdraw his Motion to Dismiss (Dkt. 138).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this Cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 138).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2010\10-cr-102.mtd 138.wpd*